UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DR. LEONARD MORSE,

                Plaintiff,                                   REDACTED[1]
                                                                                                MEMORANDUM
     -against-                                             AND ORDER
                                                                                                07 CV 4793 (CBA) (RML)
ELIOT SPITZER, *et al.*,

                Defendants.
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

        On March 15, 2011, I issued a Report and Recommendation with respect to the state defendants' motion for summary judgment (the "R&R"). Familiarity with the R&R is assumed. Plaintiff Leonard Morse ("plaintiff" or "Morse") now moves for reconsideration of my recommendation that summary judgment be granted on his claim for denial of a fair trial due to fabrication of evidence. For the reasons stated below, the motion is denied, but plaintiff is invited to seek leave to amend his fabrication of evidence claim, if he so desires.

## DISCUSSION

        A court generally will not grant a motion for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" in the challenged decision. Shrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990); Adams v. United States, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). The court will deny the motion if "the moving party seeks solely to relitigate an issue already decided." Id.

---

[1] To protect their privacy, all patient names have been redacted and replaced with initials, as agreed by the parties.

Plaintiff argues that the court misconstrued his fabrication of evidence claim as relating solely to the Design Dental invoices; he contends that the claim should be read more broadly to include the billing summaries that defendants Castillo and Fusto created and presented to the grand jury as Exhibit 7. (See Letter of Jon L. Norinsberg, dated Mar. 16, 2011, at 2; Letter of Jon L. Norinsberg, dated Mar. 21, 2011, at 2.) I have reviewed the nine paragraphs constituting plaintiff's fourth claim for relief, and I find that the plain language of the claim refers repeatedly to "billing records" (see Complaint ¶¶ 138-141) but nowhere uses the term "summaries" or otherwise mentions explicitly Grand Jury Exhibit 7. Although paragraph 138 of the Complaint refers opaquely to Exhibit O, which is the billing summary for patient S.R., the court could not reasonably be expected to infer from that reference that the fabrication of evidence claim concerned any documents other than the Design Dental records. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the complaint must plead "enough facts to state a claim for relief that is plausible on its face.")

Plaintiff's motion for reconsideration is therefore denied, as the court did not "overlook" any matter presented with respect to the summary judgment motion. Plaintiff may, of course, move to amend his complaint to clarify this claim.[2]

SO ORDERED.

Dated: Brooklyn, New York
March 22, 2011

/s/
ROBERT M. LEVY
United States Magistrate Judge

---

[2] Although he did not make the argument in his submission opposing the summary judgment motion, plaintiff is correct that, in this circuit, the requirements of attending criminal proceedings and the imposition of restrictive conditions are sufficient deprivations of liberty to support a claim for denial of a fair trial due to fabrication of evidence. See Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003); Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997).